IN THE UNITED STATES BANKRUPTCY COURT
FOR THE WESTERN DISTRICT OF NORTH CAROLINA
(Charlotte Division)

| | |
|---|---|
| In re: | ) Chapter 11 ) ) |
| **ACE MOTOR ACCEPTANCE CORPORATION,** | ) Case No. 18-30426 ) ) ) |
| Debtor. | ) ) |
| **THE OFFICIAL COMMITTEE OF UNSECURED CREDITORS OF ACE MOTOR ACCEPTANCE CORP., ON BEHALF OF ACE MOTOR ACCEPTANCE CORP., Debtor-in-Possession,** | ) ) ) ) ) ) ) |
| Plaintiff, | ) ) |
| v. | ) Adversary Proceeding No.: 19-03019 ) |
| **RUSSELL E. ALGOOD, as the Trustee of the Russell E. Algood Revocable Trust dated May 15, 2013, MALVIN L. ALGOOD, as the Trustee of the Malvin L. Algood Living Trust, MALVIN L. ALGOOD, as the Trustee of the Janet G. Algood Living Trust, JOHN G. ALGOOD, as the Trustee of the John G. Algood Living Trust, STEVEN A. COOK, SHIRLEY A. COOK KARCH, as the Trustee of the Shirley A. Cook Declaration of Trust dated April 9, 2013, JEFFREY ALGOOD, STUART ALGOOD, PAULINE WILLIAMS, and DONALD EUGENE BROWN,** | ) ) ) ) ) ) ) ) ) ) ) ) ) ) |
| Defendants. | ) |

## MOTION FOR SUMMARY JUDGMENT

Now come defendants the Russell Edward Algood Revocable Trust Dated May 15, 2013, the Janet G. Algood Living Trust, the John G. Algood Living Trust, and the Malvin L. Algood Living Trust (collectively, the "Movants") and move for summary judgment on the claim to

recharacterize their debts as equity interests that was asserted against them in this adversary proceeding by the Official Committee of Unsecured Creditors of Ace Motor Acceptance Corporation (the "Committee"). The Movants are entitled to judgment as a matter of law because there are no genuine issues of material fact and/or the Committee cannot produce admissible evidence to support the allegations in its complaint. In support of their motion, the Movants show the Court that:

1.   "Summary judgment is appropriate when the evidence, viewed in the light most favorable to the non-moving party, demonstrates there are no genuine issues as to any material fact, and the moving party is entitled to judgment as a matter of law." *Causey v. Balog*, 162 F.3d 795, 800 (4th Cir. 2003); *see also*, *Rossignol v. Voorhaar*, 316 F.3d 516, 523 (4th Cir. 2003).

2.   In *Fairchild Dornier GmbH v. Official Comm. of Unsecured Creditors (In re Dornier Aviation (N. Am.), Inc.)*, the Fourth Circuit Court of Appeals adopted a list of eleven factors that bankruptcy courts could consider in determining whether a debt should be recharacterized as an equity contribution. Those factors include:

> (1) the names given to the instruments, if any, evidencing the indebtedness; (2) the presence or absence of a fixed maturity date and schedule of payments; (3) the presence or absence of a fixed rate of interest and interest payments; (4) the source of repayments; (5) the adequacy or inadequacy of capitalization; (6) the identity of interest between the creditor and the stockholder; (7) the security, if any, for the advances; (8) the corporation's ability to obtain financing from outside lending institutions; (9) the extent to which the advances were subordinated to the claims of outside creditors; (10) the extent to which the advance were used to acquire capital assets; and (11) the presence or absence of a sinking fund to provide repayments.

453 F.3d 225, 233 (4th Cir. 2006) (quoting *Bayer Corp. v. MascoTech, Inc. (In re Autostyle Plastics, Inc.)*, 269 F.3d 726, 749-50 (6th Cir. 2001)).

3. Based on the recharacterization factors set forth in *Dornier* and similar cases, there is no basis for the Court to conclude that the Movants' debts should be recharacterized as equity obligations and the Committee can provide no evidence to the contrary.

4. The Movants or their predecessors in interest made loans to Ace Motor Acceptance Corporation (the "Debtor") at various points in time since the formation of the company in 1998.

5. As of the date the Debtor filed for bankruptcy relief, the following amounts were owed to each of the Movants with respect to their loans:

| | |
|---|---|
| Russell Edward Algood Revocable Trust | $2,055,428.76 |
| Janet G. Algood Living Trust | $601,072.58 |
| John G. Algood Living Trust | $486,384.48 |
| Malvin L. Algood Living Trust | $2,731,910.62 |

*See Claim Nos. 25-1, 26-1, 28-1, 29-1*.

6. The Debtor received the proceeds of the foregoing loans, used them to meet operating expenses and debt service payments, and consistently accounted for them as debt obligations in its books and records.

7. All the loans were documented with promissory notes or loan agreements, security agreements, and financing statements. In particular, the promissory notes and loan agreements (which were payable on demand by the lender) set forth the interest rates and terms upon which each loan was to be repaid.

8. The loan transactions and related payments by the Debtor to the lenders (whether of principal or interest) were reflected as loans in the Debtor's books and records, in its tax returns, and in its audited financial or reviewed statements. It was also the Debtor's regular

business practice to reconcile the cash account ledger entries in its books and records to its corporate bank account statements each month. As a result, the Debtor maintained an accurate record of the funds it received and paid out in the course of its operations, including the proceeds of the loans at issue in this matter.

9. The Debtor made regular payments of interest to the lenders as provided by the applicable loan agreements, and issued Form 1099 interest income statements to the lenders for tax reporting purposes.

10. Certain (but not all) of the Movants are also stockholders of the Debtor. At various points since 1998, the Debtor made pro rata distributions of profits to its owners consistent with each shareholder's equity stake. The Debtor reflected each distribution on its books and records, in its tax returns, in its audited financial statements, and in Form K-1s provided to the stockholders for preparation of their personal tax returns.

11. These distributions to shareholders were unrelated to any payments of principal or interest made by the Debtor to the Movants on the loans referenced above. All such payments of principal or interest were made according to the terms of the applicable loan at issue, rather than the particular lender's ownership interest in the Debtor (if any).

12. At all times in which the Movants made their loans to the Debtor, the Debtor was sufficiently capitalized and was able to obtain credit from outside lending institutions. The Debtor always maintained a single line of credit in its business operations. While the Movants' loans were subordinated by agreement to the Debtor's senior secured lender when required, they were not subordinated to any other debts of or claims against the Debtor.

13. Since its incorporation in 1998, no creditor of the Debtor (including, but not limited to, the Movants) has ever required the establishment of a sinking fund to repay its debt.

14. The foregoing facts are conclusively established by the pre-existing record in this adversary proceeding, the record in the Debtor's base case, and the declarations of Russell E. Algood and William A. Barbee, which are filed contemporaneously and incorporated herein by reference as if fully set forth.[1]

15. There being no genuine issue as to any material fact, the Movants are entitled to judgment as a matter of law. *See Rossignol*, 316 F.3d at 523; *Causey*, 162 F.3d at 800.

**WHEREFORE,** the Movants request entry of an order and judgment denying the relief sought against them by the Committee, dismissing this action against them with prejudice, and granting such other relief as the Court deems just and proper.

Dated: Charlotte, North Carolina
October 11, 2019

**MOON WRIGHT & HOUSTON, PLLC**

*/s/ Richard S. Wright*
Richard S. Wright (Bar No. 24622)
Caleb Brown (Bar No. 41131)
121 W. Trade Street, Suite 1950
Charlotte, North Carolina 28202
Telephone: (704) 944-6560
*Counsel for the Movants*

---

[1] To the extent necessary, the Movants also request that the Court take judicial notice of the complete docket in this adversary proceeding and in the Debtor's base case, including, but not limited to, the pleadings in this matter and the proofs of claim filed by the Movants. Federal Rule of Evidence 201 states that a court may judicially note a fact not subject to reasonable dispute because it is generally known within the jurisdiction or can be accurately and readily determined from sources whole accuracy cannot reasonably be questioned. Fed. R. Evid. 201(b), (d). Pursuant to this authority, "[n]ot only may a court take judicial notice of the record in a prior case before it involving the same subject matter . . . but it may take judicial notice of and give effect to its own records in an unrelated proceeding." *In re Federal Support Co.*, No. 87-325-N, 1987 U.S. Dist. LEXIS 7646, at *7 (E.D. Va. Aug. 10, 1987) (citing *Freshman v. Atkins*, 269 U.S. 121 (1925)); s*ee also In re Nail*, 195 B.R. 922, 924 n. 3 (Bankr. N.D. Ala. 1996) (same) (listing authorities). Thus, the Court may properly take judicial notice of items filed in the Debtor's base bankruptcy case and in this adversary proceeding.

## CERTIFICATE OF SERVICE

I hereby certify that on this date the foregoing *Motion for Summary Judgment* was served by electronic notification on those parties registered with the United States Bankruptcy Court, Western District of North Carolina ECF system to receive notices for this case.

Dated: Charlotte, North Carolina
       October 11, 2019

                            **MOON WRIGHT & HOUSTON, PLLC**

                            */s/ Richard S. Wright*
                          Richard S. Wright (Bar No. 24622)
                          Caleb Brown (Bar No. 41131)
                          121 W. Trade Street, Suite 1950
                          Charlotte, North Carolina 28202
                          Telephone: (704) 944-6560
                          *Counsel for the Movants*